

U.S. Department of Justice

United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St N W
Washington, D C. 20001

June 18, 2008

**FILED**

**AUG 1 3 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CR: 08-195 (RJL)

**VIA FACSIMILE**
David Felsen, Esquire
Greenberg, Felsen & Sargent, LLC
600 Jefferson Plaza, Suite 201
Rockville, Maryland 20852

Re:    Antonio G. Contreras

Dear Mr. Felsen:

This letter sets forth the full and complete plea offer to your client, Mr. Contreras. This offer is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This plea offer will expire on June 27, 2008. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Contreras agrees to waive Indictment and to plead guilty to Count Two of a two-count information charging a violation of Title 22, D.C. Code, Sections 3221(b), 3222(b)(2) (Fraud in the second degree). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by your client and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. It is anticipated that during the Rule 11 plea hearing, Mr. Contreras will adopt and sign a Statement of the Offense as a written proffer of evidence.

The government will move to dismiss the remaining count of the Information, charging aiding and abetting the production of an identification document without lawful authority, in violation of Title 18, U.S. Code, Section 1028(a)(1), at sentencing. Mr. Contreras agrees that the count to be dismissed at the time of sentencing was based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and, thus, specifically agrees not to file any claim under that law.

2. **Potential penalties, assessments, and restitution**: Mr. Contreras understands that the maximum sentence that can be imposed is 180 days imprisonment, a fine of $1,000, and a $250 special assessment for the Crime Victims Assistance Fund, pursuant to Title 4, D.C. Code, Section 4-516. Notwithstanding the maximum sentence, Mr. Contreras understands that the sentence to be imposed in this case will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Contreras further understands that he cannot withdraw his guilty plea if he is not pleased with

the Court's sentence. This does not, however, limit Mr. Contreras's right to appeal an unlawful sentence.

    3. **Cooperation:** Mr. Contreras agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the Federal Bureau of Investigation. Specifically, Mr. Contreras agrees:

    a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

    b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

    c. to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e. not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

    f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and

    g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

    4. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Contreras's release pending sentencing, agrees not to oppose Mr. Contreras's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Contreras continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Contreras in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the conduct outlined in the Information. This agreement not to prosecute Mr. Contreras does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the

date of this agreement, of any crimes of violence involving Mr. Contreras.

5. At the time of Mr. Contreras's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Contreras to the United States.

6. **Court is not bound:** Mr. Contreras understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decisions in these regards are not grounds for withdrawal from this agreement.

7. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Contreras's criminal activities, subject to the provisions of the following paragraph.

8. The United States and Mr. Contreras hereby agree that since Mr. Contreras has agreed to cooperate with the United States, information provided by Mr. Contreras shall not be held against him, except as follows:

    a.   information that was known to the United States prior to the date this plea agreement was agreed to by Mr. Contreras;

    b.   in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

    c.   if there is a breach of this agreement by Mr. Contreras, as determined under the provisions of this agreement.

In the event of such a breach, the United States retains the right to use any information provided by Mr. Contreras to impeach him at any subsequent proceeding.

9. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Breach of Agreement:** If Mr. Contreras fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if he commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach

of this plea agreement. If during this investigation or prosecution Mr. Contreras should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Contreras's release ( <u>for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct</u>); (b) Mr. Contreras will not have the right to withdraw the guilty plea; (c) Mr. Contreras shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Contreras, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this cooperation agreement. Mr. Contreras waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made.

11. In the event of a dispute as to whether Mr. Contreras has knowingly given materially false, incomplete or misleading information in fulfilling the terms of his cooperation agreement or whether Mr. Contreras has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Mr. Contreras so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Mr. Contreras's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

12. **Presence of Counsel:** At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Mr. Contreras shall be entitled to the presence, advice, and assistance of counsel, unless waived.

13. **Interpreter:** Mr. Contreras agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Mr. Contreras agrees that it is unnecessary for the plea document to be re-written into your client's native language.

14. **USAO's Criminal Division Bound:** Mr. Contreras understands that this agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal

prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Contreras.

15.  **Complete Agreement:**  No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Contreras, Mr. Contreras's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Contreras may indicate his assent by signing the agreement in the space indicated below and returning the original to the government once it has been signed by Mr. Contreras and his counsel.

Sincerely yours,

*Jeffrey A. Taylor/SJD*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *Ellen Chubin Epstein*
ELLEN CHUBIN EPSTEIN
SUSAN B. MENZER
Assistant United States Attorneys

5

I have read this plea agreement and have discussed it with my attorney, David Felsen, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorneys in connection with this plea agreement and matters related to it.

Date: 8/13/08

Antonio G. Contreras
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 8/13/08

David Felsen, Esquire
Attorney for the Defendant



U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N W*
*Washington, D C 20001*

August 6, 2008

**FILED**

**AUG 1 3 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CR: 08-195 (RJL)

**VIA FACSIMILE**
David Felsen, Esquire
Greenberg, Felsen & Sargent, LLC
600 Jefferson Plaza, Suite 201
Rockville, Maryland 20852

Re:   Antonio G. Contreras

Sr. Abogado:

Esta carta presenta la totalidad del acuerdo de declaración de culpabilidad que se ofrece a su cliente, Antonio G. Contreras. La oferta vincula únicamente a las divisiones Penales y de Primera Instancia de las Oficinas de la Fiscalía Federal para el Distrito de Columbia. Esta oferta para declararse culpable expira el Julio 27, 2008. Una vez que se reciba firmada, la carta constituirá en sí misma el acuerdo de declaración de culpabilidad. Las condiciones del acuerdo son las siguientes:

**Acusaciones**: Su cliente renuncia a la expedición de una Acusación Formal en su contra, y acepta declararse culpable de la Acusación No. 2 de una denuncia penal relativa a un incumplimiento del Título 22 del Código del Distrito de Columbia, Secciones 3221(b), 3222(b)(2) (Fraude en segundo grado). Se entiende que la declaración de culpabilidad se basará en la admisión de culpabilidad de su cliente del delito en cuestión ante el Tribunal, de conformidad con la Regla 11 de las Reglas Federales de Procedimiento Penal. Se espera que en la audiencia relativa a la declaración de culpabilidad para cumplir con dicha Regla, su cliente acepte y firme una Declaración del Delito que constituirá un ofrecimiento de evidencia por escrito.

La Fiscalía, en el momento de imposición de la sentencia, retirará la otra acusación en la Denuncia Penal, relativa al delito de ayudar e instigar en la producción de un documento de identidad, sin autoridad legal para ello, en contra del título 18, del Código Federal de los Estados Unidos (CF), Sección 1028(a)(1). Su cliente acepta que el delito que se retirará en el momento de imposición de la sentencia se basa en hechos, y que no existirá fundamento alguno para presentar ninguna demanda bajo la "Enmienda Hyde" (Título 28 del CF, Sección 2412), por lo que acepta específicamente no presentar ningún reclamo bajo dicha ley.

**Posibles penalizaciones, gravámenes y restitución:** Su cliente entiende que la pena máxima que puede imponerse son 180 días de prisión, una multa de $1.000 dólares y un gravamen especial de $250 dólares para su depósito en el Fondo de Ayuda a Víctimas de Delitos, de conformidad con el Título 4 del Código del Distrito de Columbia, Sección 4-516. No obstante la penalización máxima, su cliente entiende que la sentencia que se impondrá en el caso

la decide el Juez a su entera discreción, y que la Fiscalía no hace, ni puede hacer, ninguna promesa, declaraciones o predicciones respecto a la pena que impondrá el Juez. Su cliente también entiende que no puede retirar esta declaración de culpabilidad si no está conforme con la pena que imponga el Juez, pero no se menoscaba el derecho de su cliente de apelar una sentencia ilegal.

**Cooperación**: Su cliente acepta cooperar totalmente, abiertamente, y honestamente en la investigación de esta Oficina y del FBI. Específicamente, su cliente acepta:

- proporcionar información completa, verídica y cándida, así como todos los registros, objetos tangibles y otros materiales solicitados de cualquier tipo o descripción que pueda tener, relacionados directa o indirectamente con el objeto de esta investigación;

- responder de forma completa, verídica y cándida a todas las preguntas que le hagan los fiscales y oficiales de ejecución de la ley durante el curso de esta investigación;

- estar disponible para someterse a entrevistas por los fiscales y las autoridades del orden de la Fiscalía, cuando se le solicite con una antelación razonable;

- no tratar de proteger a ninguna persona o entidad proporcionando falsas declaraciones u omitiendo información; ni tampoco implicar con mentiras a ninguna persona o entidad;

- no revelar su cooperación con las autoridades del orden, ni los detalles de la misma, a ninguna persona o entidad;

- cumplir con todas las solicitudes razonables de las autoridades del gobierno federal respecto a la ayuda específica que va a proporcionar; y

- responder de forma completa, verídica y cándida, en el juicio, ante el gran jurado, o en cualquier audiencia relativa a esta investigación, a todas las preguntas que le haga el tribunal, el fiscal, o cualquiera de las partes.

**Concesiones de la Fiscalía**: A cambio de su declaración de culpabilidad, la Fiscalía acepta no oponerse a que se deje en libertad a su cliente hasta el momento de la imposición de la pena, y no oponerse a que su cliente se entregue voluntariamente para comenzar a cumplir cualquier condena que se le imponga, siempre que su cliente continúe demostrando que acepta responsabilidad: (a) cooperando con la persona que prepare el informe para la imposición de la condena (lo que incluye responder a todas las preguntas específicas con la verdad y entregar toda la información financiera que se le solicite); (b) cooperando de forma total y con la verdad con el tribunal en cualquier proceso que resulte de este asunto; (c) cumpliendo con las otras disposiciones de este acuerdo, y (d) ateniéndose a las condiciones de su puesta en libertad que establezca el Tribunal. Asimismo, de conformidad con otros párrafos de este acuerdo, la Fiscalía se compromete a no presentar acusaciones penales adicionales en contra de su cliente en los tribunales federales de distrito de los Estados Unidos o el tribunal de primera instancia del Distrito de Columbia respecto a la conducta indicada en la Denuncia Penal. Esta acuerdo de no enjuiciar a su cliente no se extiende a delitos federales o locales de violencia, según los define el Título 18 del Código Federal, Sección 16, y la Sección 23-1331(4) del Código del Distrito de Columbia. Se entiende que la Fiscalía federal no tiene prueba alguna hasta la fecha de que su cliente haya participado en ningún delito de violencia.

En el momento de la imposición de la condena de su cliente, la Fiscalía informará al Juez que la imponga, y a la oficina de liberad condicional, de la naturaleza, grado y valor de la cooperación proporcionada por su cliente al gobierno estadounidense.

**El Tribunal no está obligado**: Su cliente entiende que el Juez no tiene obligación de seguir ninguna de las recomendaciones de la Fiscalía en el momento de la imposición de la condena, y que la decisión final respecto al libertad bajo fianza o detención de su cliente la tomará el Tribunal en el momento de su declaración de culpabilidad. Las decisiones del Tribunal a este respecto no constituirán fundamento para renunciar a este acuerdo.

**Reserva del derecho de dirigirse al Tribunal**: La Fiscalía federal se reserva el derecho de dirigirse al tribunal, entre otras cosas para: informar de todo hecho importante a la persona que prepara el informe para la imposición de la condena; disputar los errores en los datos de dicho informe, y disputar cualquier tema no contemplado en este acuerdo inculpatorio; presentar, en el momento de imposición de la condena, y en todo proceso ante la Oficina de Prisiones, toda la evidencia respecto a todas las actividades penales de su cliente, de conformidad con las disposiciones del siguiente párrafo.

- La Fiscalía y su cliente, por medio de la presente, acuerdan que como su cliente ha accedido a cooperar con la Fiscalía, la información que proporcione no será utilizada en su contra, con la siguiente excepción:

a. la información que era de conocimiento de la Fiscalía federal antes de la fecha de aceptación de este acuerdo inculpatorio por su cliente; en caso de enjuiciamiento por perjurio o por presentar declaraciones falsas respecto a este acuerdo inculpatorio; si su cliente incumple este acuerdo, como indican las disposiciones del mismo.
En el caso de dicho incumplimiento, la Fiscalía federal se reserva el derecho de utilizar cualquier información proporcionada por su cliente para acusarlo en procesos posteriores.

Si en este acuerdo inculpatorio la Fiscalía ha aceptado recomendar, o abstenerse de recomendar, al juez que imponga la condena que resuelva de una manera particular alguna cuestión de la misma, la Fiscalía se reserva el derecho a expresarse ampliamente sobre el tema en cualquier litigio posterior a la imposición de la condena, para defender la decisión final de dicho Juez al respecto.

**Incumplimiento del acuerdo**: Si su cliente no presenta de forma completa, verídica y cándida información a las autoridades federales de ejecución de la ley, los fiscales federales, los jurados indagatorios que participen en esta investigación, o el Tribunal, o si comete cualquier delito adicional, o trate de retirar esta declaración de culpabilidad, la Fiscalía federal tendrá el derecho de calificar dicha conducta de incumplimiento del acuerdo. Si durante la investigación o enjuiciamiento de su cliente, éste comete perjurio, hace declaraciones falsas de forma consciente, o comete cualquier acto de desacato al tribunal u obstrucción de la justicia, la Fiscalía podrá enjuiciarlo por esos delitos hasta el máximo nivel permitido por la ley. En el caso de un incumplimiento (a) la Fiscalía se liberará de sus obligaciones bajo este acuerdo y podrá tomar cualquier postura que considere apropiada respecto a la condena y las condiciones de puesta en libertad de su cliente; (b) su cliente no tendrá derecho a retirar la declaración de culpabilidad; (c) su cliente estará totalmente sujeto a enjuiciamiento penal por cualquier otro delito que haya cometido o pueda cometer, si existen, incluidos los de perjurio y obstrucción de la justicia; y (d)

la Fiscalía estará en libertad a usar en contra de su cliente, de forma directa e indirecta, en cualquier caso penal o civil, toda la información o materiales que su cliente haya proporcionado como parte de este acuerdo de cooperación. Su cliente renuncia por la presente a cualquier derecho a alegar que evidencia presentada en dicho enjuiciamiento no procede por tratarse de declaraciones hechas por él.

En el caso de una disputa sobre si su cliente ha proporcionado conscientemente información sustancial falsa, incompleta o equívoca, al cumplir con las condiciones de este acuerdo de cooperación, o si su cliente ha cometido conscientemente algún otro incumplimiento sustancial de este acuerdo, si la Fiscalía desea ejercer su derecho bajo este acuerdo, y si su cliente desea presentar el tema ante el Tribunal para que éste lo decida en el debido proceso, las revelaciones y documentos que presente su cliente serán admisibles y la Fiscalía tendrá la obligación de probar dicho incumplimiento por preponderancia de la evidencia.

**Presencia de abogado defensor:** En todas las entrevistas y sesiones de información realizadas por los investigadores o fiscales, su cliente tendrá derecho a contar con la presencia, la asesoría y la ayuda de un abogado, a no ser que renuncie a ello.

13.   **Intérprete**: Su cliente acepta que si se necesita un intérprete para que le ayude a traducir este acuerdo de declaración de culpabilidad a su idioma nativo, su cliente lo solicitará al tribunal, de conformidad con el Título 28 del Código Federal, Sección 1827, "Ley de los Intérpretes de Tribunales", para obtener los servicios de un intérprete certificado, a costo del Tribunal, que pueda traducir verbalmente el acuerdo inculpatorio a su cliente al idioma nativo de éste. Su cliente acepta que no es necesario que el acuerdo sea escrito en su idioma nativo.

14.   **Obligaciones de la división penal de la Fiscalía federal:** Su cliente entiende que este acuerdo solamente es obligatorio para las división penal y del tribunal de primera instancia de la Fiscalía federal correspondiente al Distrito de Columbia. El acuerdo no obliga a la división civil de esta oficina, ni a ninguna otra fiscalía federal, así como a ningún otro fiscal estatal, local o federal. Tampoco impide ni menoscaba ninguna demanda civil, fiscal o administrativa pendiente contra su cliente o que pueda surgir contra el mismo.

15.   **Total acuerdo:** No existe ningún otro acuerdo, promesa, entendimiento o declaraciones hechas por las partes o sus representantes legales, aparte de las que aparecen por escrito en este texto, ni podrá hacerse ningún acuerdo, promesa, entendimiento o declaraciones a no ser que se hagan por escrito con la firma de su cliente, y las firmas del abogado defensor y del fiscal federal adjunto para el Distrito de Columbia.

Si considera aceptables los términos y condiciones anteriores, su cliente puede indicarlo firmando el acuerdo en el espacio proporcionado a continuación para ello, y devolviendo el original a la Fiscalía una vez firmado por él y su abogado.

Atentamente,

JEFFREY A. TAYLOR
FISCAL FEDERAL

p.a. _____
ELLEN CHUBIN EPSTEIN
SUSAN B. MENZER
Fiscales Federales Adjuntas

He leído este acuerdo inculpatorio y he hablado del mismo con mi abogado. Entiendo totalmente el acuerdo y lo acepto sin reserva alguna, cosa que hago de forma libre y voluntaria, con la intención de atenerme al mismo como requisito legal. No he sido amenazado ni me encuentro bajo la influencia de nada que pueda afectar mi capacidad para entender completamente el acuerdo. Me declaro culpable porque soy de hecho culpable de los delitos identificados en el párrafo no. 1.

Reitero que no existe en absoluto ninguna promesa, acuerdo, entendimiento o condiciones establecidas o aceptadas con relación a mi decisión de declararme culpable, aparte de las que aparecen en este acuerdo inculpatorio. Estoy satisfecho con los servicios legales proporcionados por mi abogado en relación con este acuerdo inculpatorio y los asuntos afines al mismo.

Fecha: 8/13/08          Acusado: Antonio Contreras

He leído todas y cada una de las páginas de este acuerdo inculpatorio, y las he repasado con mi cliente, y he comentado en profundidad las disposiciones del acuerdo con mi cliente. Estas páginas muestran de forma correcta y completa la totalidad del acuerdo de culpabilidad. Apoyo el deseo de mi cliente de declararse culpable como se indica en este acuerdo.

Fecha: 8/13/08          Abogado defensor: _____